**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**UNITED STATES OF AMERICA**             **PLAINTIFF**

**v.**

**AFFIDAVIT**

**WILLIAM RAY HARGIS**             **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, Thomas Clements, being duly sworn, do hereby depose and state:

**INTRODUCTION AND AGENT BACKGROUND**

**AFFIDAVIT**

**INTRODUCTION**

I, Thomas Clements, do hereby depose and state:

1.    I am a duly sworn Task Force Officer with the United States Drug Enforcement Administration (DEA), having been assigned in that capacity since January 2020. I am also currently a detective with the Lexington Police Department (LPD) in the Narcotics Enforcement Unit. I have been employed as an officer with the LPD since August 2012. During my tenure with the LPD and DEA, I have participated in investigations involving violations of federal narcotic laws. I have also attended training schools and have been instructed in many aspects of narcotic investigations and am familiar with the narcotic laws promulgated under Title 21 of the United States Code and federal money laundering laws promulgated under Title 18 of the United States Code. I have initiated or participated in surveillance, the operation and debriefing of numerous drug dealers, drug users, and informants, performed both physical and electronic surveillance,

executed search warrants, analyzed records documenting the purchase and distribution of illegal drugs, and the concealment of illegal narcotics profits.

2. The information in this Affidavit is based on my personal investigation, as well as information provided to me by other law enforcement officers involved in this investigation, my review of law enforcement reports, and my discussions with other law enforcement agents, confidential sources, and other witnesses. The information contained in this affidavit does not describe the entirety of this investigation but sets forth those facts relevant and necessary to determining probable cause.

3. The investigation to date indicates that there is probable cause to believe that on or about May 11, 2020, in Lexington, Fayette County, in the Eastern District of Kentucky, William Ray Hargis did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1). The following facts support the finding of probable cause.

## PROBABLE CAUSE

4. On May 11, 2021, members of the Lexington Police Department were conducting a narcotics investigation during which time a traffic stop was conducted on a vehicle operated by Tiquan Anderson. During the search of Anderson's vehicle approximately 1 pound of methamphetamine was located. Anderson stated he just received the methamphetamine from Lamonte Brown and that he could purchase kilograms of narcotics from Lamonte Brown. Anderson stated that Brown and his male white associate who Anderson knew only as "Mitch" were storing narcotics at an office building located at 1795 Alyesheba Way in Lexington, KY.

5. Anderson stated he had been present with a Lamonte Brown and "Mitch" approximately a week prior inside the office building and observed 40 kilograms of narcotics placed in the ceiling. Anderson stated during the visit he observed Brown and "Mitch" packaging and cutting narcotics for distribution.

6. Anderson agreed to show Lexington Police Department detectives the exact location of the office building and was escorted to the area. Upon arriving at 1795 Alyeshba Way, Anderson directed detectives to suite 1002. Anderson stated the office was located in the basement and was the only door with an electronic keypad. Detective Brandon Hazlewood (Lexington Police Department), entered the building and walked downstairs. Hazlewood located the described door and it was consistent with what Anderson had described including being the only door with an electronic key pad.

7. In preparation for the application of a state search warrant, surveillance was established in the area of 1795 Alysheba Way suite 1002. While conducting surveillance, Detective Roman Fowler observed a black 2015 GMC Yukon arrive and observed a male white subject enter the common door of 1795 Alysheba Way. Detective Fowler observed the male white subject exit the building a short time period later carrying a black bag and place it in the back cargo area of the black GMC Yukon. The vehicle departed 1795 Alysheba and was followed away by undercover detectives. Your affiant submits that it is the opinion that this male white subject (later identified as William Ray Hargis) had contact with suite 1002 at that time.

8. Mobile surveillance was maintained on the black 2015 GMC Yukon bearing Kentucky registration plate BPC-254, registered to William Ray Hargis. The vehicle was observed entering the parking lot of 1940 Pavilion Way, Lexington, KY and meet with a male black subject

operating a maroon Chevrolet Impala bearing Kentucky registration plate 1373JZ, registered to Johnathan Tye. Members of the Lexington Police Department made contact with both vehicles and detained both occupants. The operator of the black 2015 GMC Yukon bearing Kentucky registration plate BPC-254 was identified as William Ray Hargis and the operator of the maroon Chevrolet Impala was identified as Johnathan Tye.

9. A Lexington Narcotics detection canine was presented to both vehicles and provided a positive alert on both vehicles. Members of the Lexington Police Department conducted a search of the vehicles.  During the search of the vehicle operated by Tye approximately 10,000 counterfeit Xanax pills were located in the back floor board.  Tye stated he had just met with William Hargis to purchase the pills in exchange for $5,000.00.  During the search of the black 2015 GMC Yukon a Glock model 30 serial number BRRV948, semiautomatic handgun was located in the passenger side floorboard. The handgun was loaded with a high capacity magazine.  An empty black garbage bag was located in back cargo area.  Additionally a search of Hargis' person produce approximately $5,000.00 in U.S. currency along with a key ring containing multiple keys.

10.  A state search warrant was obtained in Fayette District Court for 1795 Alysheba Way, Unit 1002 and was subsequently executed by members of the Lexington Police Department. During the search of the office suite detectives located more than 50 pounds of suspected methamphetamine along with approximately 500 counterfeit Xanax pills. The pills were identical to the counterfeit Xanax pills located in the vehicle operated by Tye. Additionally, approximately 2 pounds of suspected cocaine was located in the ceiling of the office space.

11.  Additional items located during the search of the office were four firearms, a Fed Arms FR99 serial number 20A1471, Panser Arms AR12 serial number YD2003082, Panther Arms AR pistol serial number FFA060052, AK-47 RML with an unreadable serial number, along with numerous loaded magazines.  Seven potential explosive devices loaded with flash powder were also located in the office suite.  Numerous items indicative of narcotics trafficking to include a hydraulic kilo style press, an illicit pill press, digital scales with residue, blenders with residue, and packaging material were also located.

12.  Two keys located during the search of Hargis' person were confirmed to fit and access the lock on the door of 1795 Alysheba Way, unit 1002.

13.  Your affiant utilized a standard field test kit on the suspected methamphetamine on or about May 12, 2021.  This field test is routinely used by DEA and other law enforcement entities to test suspected controlled substances.  This field test kit has been previously been determined to be reliable.  Upon taking a sample of the suspected methamphetamine, which was crystalline in form, the field test kit indicated a positive result for methamphetamine, a Schedule II controlled substance.

## CONCLUSION

13. Based on the discovery of  excess of 50 pounds of suspected methamphetamine and approximately 2 pounds of suspected cocaine in the possession of Hargis, and the additional facts set forth herein, I believe there is probable cause that on or about May 12, 2021, in  Fayette County, located within the Eastern District of Kentucky, William Ray HARGIS did knowingly and intentionally possess with intent to distribute a quantity of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

I declare under the penalty of perjury that the above-statement is true and correct to the best of my knowledge, information, and belief.

**Signed remotely per FRCP 4.1. See addendum.**
S. Thomas Clements, Task Force Officer
Drug Enforcement Administration

Sworn to before me on the __13th__ day of May 2021.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE