UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 21-075-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 24-098-DCR |
| ) | |
| WILLIAM RAY HARGIS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant William Ray Hargis pleaded guilty to conspiracy to distribute methamphetamine (Count 1ss); possession with the intent to distribute methamphetamine (Count 2ss); possession of a firearm in furtherance of a drug trafficking crime (Count 4ss); and conspiracy to commit money laundering (Count 5ss). [Record No. 126] In the conditional plea agreement, Hargis waived all rights to collaterally attack his guilty plea and conviction except for claims of ineffective assistance of counsel. *Id.* Hargis reserved the right to direct appeal his final sentence and the denial of his motion to suppress evidence seized during a search pursuant to a warrant of a commercial building office. [Record Nos. 37, 126] An Amended Judgment was entered on October 26, 2022, sentencing Hargis to a total term of incarceration of 420 months.[1] [Record No. 169]

---

[1] Hargis was sentenced to 360 months' imprisonment on each of Counts 1 and 2, to run concurrently with each other; 240 months' imprisonment on Count 5, to run concurrently with Counts 1 and 2; and 60 months' imprisonment on Count 4, to run consecutively to Counts 1, 2, and 5. [Record No. 169]

## I.  Background

Hargis's Presentence Investigation Report ("PSR") outlined a criminal history score of five (Criminal History Category III) and a Total Offense Level of forty-one. [PSR ¶¶ 41, 50–51].  For Counts 1 and 2, Hargis faced a recommended guideline range of 360 months to life imprisonment.  *See* USSG Ch.5, Pt. A (2021).  Count 5 was subject to a statutory maximum sentence of 240 months imprisonment, 18 U.S.C. § 1956(a), and Count 4 required a sentence of 60 months imprisonment to run consecutively to all other counts, USSG §5G1.2(a) (2021).  [PSR ¶¶ 67–69]  Hargis did not object to these calculations and was ultimately sentenced to a total term of 420 months imprisonment.  Hargis raised one issue on direct appeal: the denial of his motion to suppress the evidence from the office building search.  However, on February 27, 2023, the United States Court of Appeals for the Sixth Circuit affirmed this Court's holding on that issue.  [Record Nos. 144, 183]

Hargis filed a *pro se* motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on April 9, 2024.  [Record No. 228]  He now argues for the first time that the Court incorrectly calculated his criminal history points at the time of the sentencing hearing.  *See id.*  More specifically, he contends he should not have been assessed some points because his prior marijuana offenses were "simple possession offenses and not major or felonious possession offenses" and that the integrity of his previous DUI offense is questionable because the officer who issued the DUI charge has now been indicted for "constitutional rights violations and felonious abuse of authority." *Id.*  Woven throughout the motion are subtle claims of ineffective assistance of counsel.  *Id.* (noting "attorney elected not to pursue" prior marijuana offense issues and "attorney elected to pursue search warrant issue"

rather than DUI offense issue).  The United States argued in its response, in part, that Hargis's claims are procedurally defaulted and not otherwise cognizable under 28 U.S.C. § 2255. [Record No. 240]  Hargis filed a reply addressing the government's arguments on July 22, 2024.  [Record No. 242]

Consistent with local practice, Hargis's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b)(1)(B).  United States Magistrate Judge Edward B. Atkins issued his Report on July 26, 2024, recommending that Hargis's motion to vacate be denied.  [Record No. 243]  Thereafter, Hargis filed his objections to the Report.  [Record No. 244]  Having reviewed Hargis's objections *de novo*, the Court agrees with the Magistrate Judge that Hargis's claims are without merit.

## II.  Legal Standard

This Court makes a *de novo* determination of those portions of a magistrate judge's recommendation to which particularized objections are made.  28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, courts review objections that merely "reiterate [a party's] original arguments," for clear error. *United States v. Ickes*, No. 1:15-CR-00004, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citing *Manigualte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009)).

To prevail on a § 2255 claim, the movant bears the burden of showing that: (1) the conviction resulted from an error of constitutional magnitude; (2) the sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). For a non-constitutional error, the movant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). This requires the movant to show that he is either "'actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated.'" *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019) (quoting *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014)).

### III. Analysis

Hargis presents three primary objections to the Report, all of which concern prior state convictions and their impact on his criminal history calculation: (1) his constitutional rights were violated by the addition of his state marijuana convictions because the substances were not tested for THC; (2) his prior marijuana offenses are not serious drug offenses; and (3) his failure to challenge the integrity of his prior DUI offense was excusable because the officer who arrested him was indicted after Hargis was sentenced. [Record No. 244] While Hargis's motion is not explicitly styled as a claim for ineffective assistance of counsel, recognizing his *pro se* status, the Court construes his petition more leniently and address those allegations as embedded in the motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381–83 (2003).

Hargis argues that his due process and equal protection rights have been violated because the 2018 Farm Bill defined hemp as cannabis with less than 3% THC, and because the substances underlying his past state convictions were never tested for THC content, it "must be assumed" that they were hemp. [Record No. 228] Yet, three of Hargis's criminal history points from marijuana charges occurred *prior* to the 2018 Farm Bill, and those three points alone are sufficient to place him in Category II, which has the same guideline sentence as Category III. [PSR ¶¶ 46–47] USSG Ch.5, Pt. A (2021) (showing the range of 360 months to life for both categories for an offense level of forty-one). More importantly, claims such as this one are not cognizable under § 2255 because "a defendant cannot attack a state conviction used for any purpose in federal sentencing proceedings unless he identifies a statute providing for collateral attack or claims a denial of the right to counsel," which Hargis has not done here *United States v. Aguilar-Diaz*, 626 F.3d 265, 269 (6th Cir. 2010).

Hargis argues in his § 2255 motion that his past marijuana offenses were not serious drug offenses but simple possession offenses. [Record No. 228] He indicates that this issue was not raised on direct appeal because "[a]ttorney elected not to pursue." *Id.* Hargis claims that, "absent the prior offenses for simple possession of marijuana, his criminal history category would drop to a category of two." *Id.* But even if that were true, under the Sentencing Guidelines, Categories II and III share the same guideline range for an offense score of forty-one. USSG Ch.5, Pt. A (2021) (showing the range of 360 months to life for both categories).

To the extent this claim is styled as an ineffective assistance of counsel claim—it still fails. Hargis neglected to provide any information regarding how his counsel's performance was deficient, and therefore, deprived him of his due process rights. Even if his counsel's

- 5 -

performance was deficient in electing not to pursue this issue on appeal, the outcome and guideline range would remain the same. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that ineffective assistance requires that defense counsel be objectively deficient and a showing to a reasonable probability that competent counsel would have led to a different outcome). Because the decision not to pursue this simple offense argument on direct appeal would not change his guideline range, Hargis was not prejudiced by any alleged shortcomings by his attorney.

Next, even if this were not so, both claims regarding his state marijuana convictions are procedurally barred. Sixth Circuit precedent is clear that "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Hargis has not shown cause or prejudice for failing to raise these claims on appeal, and he has not alleged an actual innocence claim. [*See* Record No. 228.] Therefore, he is procedurally barred from raising them now.

Finally, Hargis questions the integrity of his 2018 DUI conviction because the officer who arrested him has since been indicted for constitutional violations and abuse of authority in that capacity. [PSR ¶ 48; Record Nos. 228, 244] Hargis claims he is not procedurally barred from raising this claim because it qualifies as newly discovered evidence. [Record No. 244] While Hargis is free to challenge that conviction in state court on that new information, even if he were successful, it would not change his criminal history category. The DUI offense added one of five criminal history points, placing him in Category III, which has a range of four to six criminal history points. [PSR ¶¶ 50–51] USSG Ch.5, Pt. A (2021). Removing the

DUI offense would bring his criminal history score down to four, but he would remain in Category III, and his guideline sentence range would not change.

In his initial § 2255 motion, Hargis indicated that the integrity of his DUI conviction was not raised on direct appeal because the "attorney elected to pursue search warrant issue." [Record No 228] He later acknowledged that the officer who arrested him was only indicted after Hargis was sentenced. [Record Nos. 242, 244] If Hargis intended to pursue this claim under ineffective assistance of counsel, it also fails under *Strickland* because an attorney cannot be objectively deficient for failing to raise an issue that had not yet materialized, and it would not have changed his guideline range either way, so Hargis cannot show prejudice.

Despite Hargis's claims failing on the merits and being procedurally defaulted, they also fail because "misapplication-of-the-guidelines-range" claims are not cognizable on collateral review because the Guidelines are advisory. *Bullard v. United States*, 937 F.3d 654, 659–60 (6th Cir. 2019). Because Hargis's claims lack merit, are procedurally defaulted, or not otherwise cognizable under § 2255 no reasonable jurist would find the Court's determination debatable. 28 U.S.C. § 2253(c)(2) (requiring a "substantial showing of the denial of a constitutional right" for a Court to issue a Certificate of Appealability); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the undersigned will not issue a Certificate of Appealability.

### IV.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.       The Report and Recommendation of the United States Magistrate Judge [Record No. 243] is **ADOPTED** and **INCORPORATED** here by reference.

2.       The defendant/movant's motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [Record No. 228] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3.       A Certificate of Appealability will not issue.

Dated: November 4, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky